Filed 2/15/22  P. v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059907 |
| v. | (Super. Ct. No. 98WF2055) |
| EM VAN NGUYEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

Em Van Nguyen[1] appeals from the trial court's postjudgment order denying his Penal Code section 1170.95[2] resentencing petition. Em argues the court erred by denying his section 1170.95 petition without issuing an order to show cause and conducting an evidentiary hearing. We disagree and affirm the postjudgment order.

FACTS

A detailed recitation of the facts can be found in *People v. Hung Nguyen et al.* (June 21, 2001, D037303) [nonpub. opn.]. Suffice it to say, Em drove his car on the freeway while his passenger, Hung Nguyen, shot at another car that contained a woman and killed her.

An information charged them with murder with the special circumstance they discharged a firearm from a vehicle. The information alleged Hung personally discharged a firearm, and Em was vicariously armed with a firearm.

The prosecution's theory was Em aided and abetted Hung. The trial court instructed the jury with CALJIC No. 3.01, "Aiding and Abetting." The trial court did not instruct the jury with CALJIC No. 3.02, "Principals—Liability for Natural and Probable Consequences."

The jury convicted them of first degree murder and found true the allegations. The trial court sentenced Em to prison for life without the possibility of parole. In *People v. Hung Nguyen et al., supra,* D037303, the Fourth Appellate District, Division One, affirmed.

Em filed a section 1170.95 petition. The trial court appointed counsel for Em. The prosecution filed a response, and Em filed a reply. At a hearing, the trial court denied the petition. The court stated it "[was] not allowed to do fact finding" but after

_____

[1]     Because codefendants have the same last name, we refer to them by their first names for ease of reference.

[2]     All further statutory references are to the Penal Code.

2

reviewing the record, including the appellate opinion, the jury instructions, and the verdicts, the court concluded "[Em] was convicted on an aiding and abetting theory . . . and . . . the jury found he did act with the intent to kill" even though he was not the actual shooter.

## DISCUSSION

Section 1170.95, subdivision (a), allows "[a] person convicted of felony murder or murder under a natural and probable consequences doctrine or other theory [to] file a petition" to seek to have that "murder conviction vacated and to be resentenced on any remaining counts" if certain conditions are met. The statute did not change or alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily "know and share the murderous intent of the actual perpetrator." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118; see *People v. Chiu* (2014) 59 Cal.4th 155, 167 [direct aider and abettor "acts with the mens rea required for first degree murder"] superseded by statute in part as stated in *People v. Gentile* (2020) 10 Cal.5th 830, 849.) One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law.

After petitioner files a facially sufficient petition and the trial court appoints counsel, the court evaluates the petition to determine if it makes a prima facie showing that relief is available, and if so, it issues an order to show cause. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971 (*Lewis*); § 1170.95, subd. (c).) At the prima facie stage, the court may use the record of conviction to determine if the petitioner qualifies for relief. (*Lewis, supra,* 11 Cal.5th at p. 970.) Our review is de novo.[3] (*People v. Drayton* (2020) 47 Cal.App.5th 965, 981, overruled on other grounds in *Lewis, supra,* 11 Cal.5th at p. 963.)

---

[3] Because our review is de novo, we do not review the trial court's ruling, and we need not address the parties' arguments on appeal the court denied the petition on legally incorrect grounds.

Here, the prosecution's theory was Em directly aided and abetted Hung in the crime. The trial court instructed the jury on aiding and abetting (CALJIC No. 3.01), and importantly not on the natural and probable consequences doctrine (CALJIC No. 3.02), a point Em concedes. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677 [trial court may deny petition for resentencing if jury instructions show jury was not instructed on either natural and probable consequences or felony murder doctrines], review dismissed, cause remanded (Dec. 1, 2021, No. S266336).) Em is ineligible for relief because the jury instructions and the verdicts establish the jury found he had the intent to kill because he was an aider and abettor.

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.